**Frank CARTER, Petitioner**

v.

**PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 28, 2007.
Decided Nov. 7, 2007.

Harry J. Cancelmi, Jr., Waynesburg, for petitioner.

Arthur R. Thomas, Asst. Counsel and Victoria S. Madden, Chief Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, PELLEGRINI and LEAVITT, JJ.

OPINION BY Judge PELLEGRINI.

Frank Carter (Carter) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) denying his administrative appeal of its decision to recommit him as a technical parole violator to serve 12 months backtime.

Convicted of aggravated assault, Carter was sentenced to a prison term of five to 10 years with a minimum release date of June 22, 2006, and a maximum release date of June 22, 2011.  On July 3, 2006,

the Board paroled Carter, imposing on him a special condition that he enter the MINSEC program [1] and remain in that program in good standing until he was successfully discharged by the parole supervision staff. On July 28, 2006, Carter signed out of the MINSEC facility on a work pass indicating that his destination was 215 12th Street, Philadelphia. Instead, Carter went to the 1600 block of North Dover Street where he was involved in a physical altercation with Ralph Grandy (Grandy). Board agents arrested Carter based on a statement from Grandy that Carter had struck him several times.

The Board charged Carter with being a technical parole violator for violating special condition # 5C by assaulting Grandy and special condition # 7 because he was discharged from the MINSEC program by deviating from his approved route while out on a pass.[2] A hearing on those violations was held before a panel consisting of hearing examiner James Ellis and Board member Lloyd White (White).

At the hearing, Grandy testified that on July 28, 2006, as he was leaving his house at 1638 North Dover Street, Carter approached him and struck him from behind. Grandy stated that he tried to flee, but Carter followed him across the street, knocked him down and tore off his shirt. Even though Carter continued to hit him, Grandy stated that he eventually reached his house where his fiancé ended the assault by standing between them.

Darryl McCormick (McCormick), the director of the MINSEC facility where Carter was assigned, testified that on July 28, 2006, Carter signed out to his approved destination at 215 12th Street for work, and that he was discharged from the MINSEC program because he went to North Dover Street.

Testifying in his defense, Carter denied that he had assaulted Grandy and stated that he had gone directly to his location of work on July 28, 2006. He testified that he was only notified of the assault on Grandy when a parole agent arrested him.

█ The Board found that Carter violated conditions # 5C and # 7 of his parole and recommitted him to a state correctional institution to serve 12 months backtime. Carter filed a timely administrative appeal of this decision arguing that the Board did not have sufficient evidence to support the violations with which he was charged and his counsel at the violation hearing was ineffective. Concluding that the testimony relied on by the Board supported Carter's violations and that the record lacked any indication that his counsel was ineffective, the Board affirmed the hearing panel's decision with its own decision signed by only two Board members, Gerard Massaro (Massaro) and White, who was the member assigned to the hearing panel. The appeal to this court followed.[3]

Carter argues that in denying his administrative appeal, the Board failed to

1. The MINSEC program consists of a community detention facility that is designed to meet the needs of offenders referred by the Pennsylvania Department of Corrections by effectively supervising, treating and transitioning them back to society.

2. Parole condition # 5C provides, "You shall refrain from any assaultive behavior." (Certified Record at 9.) Additionally, parole condition # 7 provides, "You shall comply with the special conditions ... imposed by the Board

and with special conditions imposed by the parole supervision staff." Id.

3. Our scope of review of a decision by the Board is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether the constitutional rights of the parolee have been violated. Detar v. Pennsylvania Board of Probation and Parole, 890 A.2d 27 (Pa.Cmwlth.2006).

comply with Section 4(d) of the Parole Act (Act),[4] thereby depriving him of his due process rights. Section 4(d) of the Act provides:

An interested party may appeal a revocation decision within thirty days of the board's order. **The decision shall be reviewed by three members appointed by the chairman's designee.** If practicable, **at least two of the board members reviewing the decision must not have been on the panel whose decision is being appealed.** The three board members deciding the appeal may affirm, reverse or remand the decision of the panel or may order the matter heard de novo.

(Emphasis added.) Carter contends that because only two Board members, Massaro and White, rather than the statutorily prescribed three members, voted to affirm the hearing panel's decision, and because Board member White had taken part in the hearing panel's decision as well, the Board's denial of his administrative appeal was statutorily defective depriving him of due process.

The Board responds that while Section 4(d) calls for a review of a hearing panel's decision by three member of the Board, Section 4(a) of the Act,[5] 61 P.S. § 331.4(a), states that official action taken by the Board must be done by a majority. It argues that although only two Board members heard the appeal, rather than three, it was harmless error as a third vote to either reverse or remand would have been ineffective to change the ultimate denial of Carter's administrative appeal. As to Board member White serving on the hearing panel and on the administrative appeal, the Board argues that Section 4(d) requires that at least two members of the Board who participated in the hearing panel's decision not be on the panel reviewing that decision, *if practicable*, thereby not making his participation in the administrative appeal fatal.

■ We would agree with the Board that its decision is not defective where there is a unanimous two-member board or when a hearing panel member sat on an administrative appeal panel composed of three members where it was impracticable for the hearing panel member not to sit. However, where the administrative appeal panel only has two members, one of whom sat on the hearing panel, the appeal panel does not have two Board members who are unaffected by the factual findings or credibility determinations made by the hearing panel. Because Section 4(b) envisions three members, with at least two members who were not on the hearing panel, Carter has not been afforded a proper administrative appeal under the Act.

Accordingly, the Board's order denying Carter's administrative appeal is vacated, and the matter is remanded to the Board for review by a properly constituted panel in full compliance with Section 4(b).[6]

---

4. Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. § 331.4(d).

5. Section 4(a) provides, "A majority of the board shall constitute a quorum for transacting business and, except as hereinafter otherwise provided, a majority vote of those present at any meeting shall be sufficient for any official action taken by the board. Except as provided in subsections (b), (c) and (d), no person shall be paroled, discharged from parole, or the parole of any person revoked, except by a majority of the entire membership of the board."

6. Carter also argues that the Board's determination that he was in violation of parole conditions #5C and 7 was not supported by substantial evidence. However, because of the way in which we have decided his first argument, we need not address this contention.

## ORDER

AND NOW, this 7th day of November, 2007, the order of the Pennsylvania Board of Probation and Parole, dated February 12, 2007, is vacated, and the matter is remanded to the Board for review by a properly constituted panel in full compliance with Section 4(b) of the Parole Act, 61 P.S. § 331.4(b).